1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MYCHAL REED,
CDCR #AE-9821

Plaintiff,

vs.

A. BUCKEL, S. STEADMAN, T.
MARTINEZ, B. COLON, B. CATES, et al.,

Defendants.

Case No.:  24-cv-0179-MMA (AHG)

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

**[Doc. No. 2]**

Mychal Reed ("Plaintiff"), an inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In lieu of paying the filing fee required by 28 U.S.C. § 1914(a), Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, all prisoners who proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Although Plaintiff has filed a Motion to Proceed IFP, he has not submitted a certified trust account statement "for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION AND ORDER

For this reason, **IT IS ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED,** and the action is **DISMISSED** without prejudice for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a);

(2)    Plaintiff is **GRANTED forty-five (45)** days from the date this Order in which to re-open his case by either:  (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed Motion to Proceed IFP, *which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement*

/ / /

*Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and

(3)    The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated: January 29, 2024

HON. MICHAEL M. ANELLO
United States District Judge