# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED, CDCR #AE-9821<br><br>Plaintiff,<br><br>vs.<br><br>A. BUCKEL, S. STEADMAN, T. MARTINEZ, B. COLON, B. CATES, CHRISTIAN PHIFFER, R. NICKLES, H. ARREOLA, K. TAMEZ, H. MOSELEY,<br><br>Defendants. | Case No.: 24-cv-0179-MMA (AHG)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 7]**<br><br>**(2) DENYING IFP MOTIONS Doc. Nos. 4, 9 AS MOOT;**<br><br>**(3) DENYING REQUESTS FOR JUDICIAL NOTICE [Doc. No. 6] AND EXTENSION OF TIME [Doc. No. 8] AS MOOT**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE PER FRCP 8(a) AND 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1)** |

## INTRODUCTION

On January 25, 2024, Mychal Reed ("Plaintiff" or "Reed"), an inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Doc. No. 1. On January 29, 2024, the Court denied Reed's request to proceed *in forma pauperis* ("IFP") and dismissed the action because Reed failed to adequately support his IFP motion as required

under 28 U.S.C. § 1915(a).  *See* Doc. No. 3.  The Court notified Plaintiff that to have his case reopened he must submit a properly supported IFP motion or pay the filing fee within 45 days.  *Id.* at 2–3.

On February 20, 2024, Reed filed an IFP motion.  Doc. No. 4.  He subsequently filed two more IFP applications on March 14, 2022 and April 1, 2024, respectively.  Doc. Nos. 7, 9.  Reed has also filed a request for judicial notice and a motion for extension of time.  Doc. Nos. 6, 8.  For the reasons discussed below the Court GRANTS Plaintiff's March 14, 2024 application to proceed IFP, DENIES the other IFP motions as moot, DENIES the requests for judicial notice and an extension of time as MOOT, and DISMISSES the Complaint without prejudice and with leave to amend.

## MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, all prisoners who proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), and regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

/ / /

|   |   |
|---|---|
| 1 | Reed has three IFP Motions pending before the Court.  Doc. Nos. 4, 7, 9.  The motion |
| 2 | filed on February 20, 2024 lacks the support required under § 1915(a)(2); however, the |
| 3 | motion filed on March 14, 2024 includes a copy of Reed's trust account statement and |
| 4 | prison certificate.  Doc. No. 7 at 4, 6.  Based on those documents, Reed has an average |
| 5 | monthly balance of $0.00, average monthly deposits of $0.00, and an available account |
| 6 | balance of $0.  *Id*.  Therefore, the Court finds Plaintiff has established an inability to pay |
| 7 | the required $350 filing fee and **GRANTS** his March 14, 2024 IFP motion (Doc. No. 7). |
| 8 | While the Court assesses no initial payment, Plaintiff will be required to pay the full $350 |
| 9 | filing fee in installments to be collected from his trust account as set forth in 28 U.S.C. |
| 10 | § 1915(b)(2).  Plaintiff's other two IFP motions (Doc. Nos. 4, 9) are **DENIED** as moot. |

### MOTIONS FOR JUDICIAL NOTICE AND EXTENSION OF TIME

On March 13, 2024, requested the Court take judicial notice of his attempts to obtain his prison certificate and a copy of his trust account statement.  Doc. No. 6.  On March 20, 2024 he filed a request for an extension of time to obtain those documents.  Doc. No. 8. Because the Court has granted IFP, both requests are **DENIED** as moot.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(E) AND § 1915A(B)

**A.     Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).  "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

Reed is a hearing-impaired inmate. Doc. No. 1 at 4. He alleges that while confined at Richard J. Donovan Correctional Facility "(RJD)", "RJD officials retaliate[ed] . . . against him" for filing a civil rights lawsuit in this Court (No. 18cv0361-JLS-DEB) by finding him guilty of a "false" Rule Violation Report ("RVR"). *Id.* The RJD investigator assigned to assist Reed in preparing for the RVR hearing "refused to communicate [with] him" with written notes or American Sign Language ("ASL"), as required under an "ADA Remedial Plan." *Id.* Reed states RJD officials did not permit him to attend the November 4, 2021 RVR hearing and did not inform him it took place until December 2021. *Id.*

Reed alleges the "final results" of the RVR hearing are "filled with false statements." *Id.* Specifically, Reed was found guilty of causing serious injuries to another inmate despite those purported injuries not being "substantiated" by a doctor or the victim. *Id.* As a result of the RVR, Plaintiff received "32 bad credits" and was transferred to California Correctional Institution ("CCI"), a "level 4 prison." *Id.* Once at CCI, Reed was attacked by gang members, and suffered an eye injury and fractured cheek bone as a result. After his transfer to CCI, Plaintiff alleges RJD officials "conspire[ed]" with California

Department of Corrections and Rehabilitation ("CDCR") officials to retaliate against him via "additional charges, write ups, abuse, no TTY[1] phone access usage and etc." *Id.*

At some point, Plaintiff was transferred to Kern Valley State Prison ("KVSP"). *Id.* at 5. Reed "protested" the transfer because he had "prior knowledge" based on spending "a few months" at KVSP in 2013, that the facility lacked "ADA accommodations for deaf inmates." *Id.* While at KVSP, Reed "requested his communication chrono be changed to primary ASL and written notes." *Id.* Reed met with an ASL interpreter, who subsequently prepared a "fraudulent" evaluation document that "question[ed] the validity of [Reed's] ASL skills." As a result, Reed's "communication chrono" was changed to "falsely" state that Plaintiff reads lips. *Id.*

On May 9, 2023, Reed went to the program office a KVSP to use the TTY-telephone to call his attorney. *Id.* When he refused to let staff view the lawyer/client communication teletype, he was found guilty of a Rule Violation. *Id.* at 6. KVSP staff have not allowed Reed to use TTY-phone since then and Reed has stopped requesting it. Reed has also stopped filing grievances "due to increased harassment" by KVSP staff. *Id.* He states staff cut off his cell lights for almost three weeks and correctional officers "constantly mock him" by flashing their flashlights in his face. *Id.* He alleges KVSP officials are conspiring to retaliate against him for his pending civil rights lawsuits. *Id.*

**C.    Discussion**

In his Complaint, Reed names 10 defendants from at least four different institutions.[2] He alleges two general causes of action, each referencing several bases for relief. In his first cause of action, Reed references violations of the First Amendment, the Due Process Clause, the Americans with Disabilities Act ("ADA") and conspiracy related to the events

---

[1] TTY appears to be a reference to "teletypewriter," used by the hearing impaired to communicate over the telephone.

[2] Reed fails to state which facility employs Defendants Buckel, Steadman, Martinez and Colon although it appears they are RJD staff members. *See* Doc. No. 1 at 1.

taking place at RJD. *Id.* at 4. In his second cause of action, he cites violations of the Eighth Amendment, the ADA and conspiracy related to events taking place at KVSP. *Id.* at 5.

### 1. Rule 8

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 98 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Reed fails to allege any facts related to specific conduct as to Defendants Buckel, Steadman, Martinez, Colon, Cates, Phiffer, Nickles, Arreola, and Moseley. He simply does not reference any of them in the body of the Complaint, instead referencing conduct by "RJD officials" or "KVSP officials." Doc. No. 1 at 4, 5. And while Plaintiff generally references violations of his First, Eighth and Fourteenth Amendments as well as the Americans with Disabilities Act (Doc. No. 1 at 4–5), he fails to tie his factual allegations to specific legal claims against individual defendants.[3]

Reed attaches over 40 pages of "exhibits" to his Complaint, which include medical records, disciplinary hearing results, and administrative grievances and responses. *See generally*, Doc. No. 1 at 7–49. But Plaintiff may not use exhibits as a substitute for presenting factual allegations in the body of an amended complaint. *See Thomas v.*

---

[3] Some of the named Defendants appear to be supervisory officials. There is no respondeat superior liability under section 1983. *Taylor v. Lis*t, 880 F.2d 1040, 1045 (9th Cir. 1989).

1  *Donovan*, No. 19cv2181-JAH-RBB, 2020 WL 5106663, at *5 (S.D. Cal. Aug. 28, 2020) ("[A] pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim.'") (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017)); *see also Woods v. Health Care Specialty Servs.*, No. 22-CV-1055-MMA-AGS, 2022 WL 17419360, at *6 (S.D. Cal. Dec. 5, 2022) (noting a plaintiff may not "simply attach and reference exhibits as a substitute for presenting factual allegations in the body of an amended complaint")

   In sum, Plaintiff has failed to allege with at least some degree of particularity what overt acts each defendant engaged in to support his claims. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Therefore, the Complaint is DISMISSED without prejudice and with leave to amend. *See* Fed. R. Civ. P. 8(a)(2); 28 U.S.C. §§1915(e)(2)(B)(ii), 1915A(b)(1).

   **2.  *Improper Joinder and Venue***

   In addition, the Count notes the Complaint appears to include claims against multiple defendants that are improperly joined and arose in different venues. Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2)(A)–(B); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). As such, claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in

some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id*.

Here, the Complaint contains claims against several defendants which are not properly joined under Rule 20(a) because they concern, separate, unrelated events. While somewhat vague, Reed's allegations stemming from events at RJD concern a Rule Violation Report hearing and allegations of retaliation. *See* Doc. No. 1 at 4. The claims concerning matters at KVSP relate to Reed's communication evaluation/classification and the purported harassment by KVSP staff. *Id*. at 5–6. Thus, these unrelated claims are subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (federal joinder rules prohibit prisoner filing "buckshot complaint" that joins unrelated claims against different defendants, e.g. "a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions").

Furthermore, while Plaintiff's claims arising from events at RJD are proper in this district, venue for any claims arising out of events at KVSP are not proper in this Court and those claims may not be pursued in this action. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). While Plaintiff is granted an opportunity to file an amended complaint, he should omit any claims for relief no arising out of events occurring RJD. If Plaintiff wishes to pursue any claims arising at KVSP he may file a new action in the Eastern District of California.

### 3. Plaintiff's Claims

While the Complaint must be dismissed for failure to comply with Rule 8(a), the court sets forth the legal standards that appear to apply to Plaintiff's claims arising in RJD.

/ / /

/ / /

   a. Retaliation

Plaintiff alleges "RJD officials" retaliated against him in violation of his First Amendment rights. Doc. No. 1 at 4. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

   b. Due Process

Plaintiff appears to allege his right to due process was violated when he was found guilty of a rule violation at RJD and as a result, lost good time credits and was transferred to another prison. Doc. No. 1 at 4. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Coakley v. Murphy*, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. *See Wilkinson*, 545 U.S. at 221; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin*, 515 U.S. at 481–84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

   i. *Loss of Good Time Credits*

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v.*

*Kenny*, 907 F.2d 874 (9th Cir. 1990). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

     *ii.*  *Transfer to Another Prison*

Prisoners have no constitutionally-protected interest under the Due Process Clause of the Fourteenth Amendment in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *see Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (finding that due process procedural protections were not triggered where prisoner was reassigned out of a vocational course and transferred to a different prison). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Plaintiff also has no constitutional right to be housed at a particular prison facility, even one with more favorable conditions of confinement.

     c.  <u>Americans with Disabilities Act</u>

Plaintiff appears to allege he was denied accommodations for his hearing impairment. Doc. No. 1 at 4. To state an ADA claim, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such

exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

### d. Conspiracy

Finally, Plaintiff appears to contend "RJD officials" conspired against him. Doc. No. 1 at 4. "Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012); *Quiroz v. Horel*, 85 F. Supp. 3d 1115, 1147 (N.D. Cal. 2015). Thus, to establish a conspiracy to violate one's rights under § 1983, a plaintiff must plead facts to plausibly show: "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *See Avalos v. Bacca*, 596 F.3d 583, 592 (9th Cir. 2010).

### 4. Leave to Amend

Based on the above, the Court GRANTS Plaintiff leave to file an amended complaint. In doing so, Plaintiff should write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Id.*; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

In addition, if Plaintiff chooses to amend the complaint, he may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). As discussed above, however, unrelated claims against different defendants must be pursued in separate lawsuits. *See* Fed. R. Civ. P. 20(a). Thus, Plaintiff must select what claims he wants to

///

pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

## CONCLUSION AND ORDER

For the above reasons, the Court:

(1) **GRANTS** Plaintiff's March 14, 2024 Motion to Proceed IFP (Doc. No. 7), and **DENIES** Plaintiff's February 20, 2024 (Doc. No. 4) and April 1, 2024 (Doc. No. 9) IFP motions as moot.

(2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

(3) **DENIES** Plaintiff's Request for Judicial Notice (Doc. No. 6) and Motion for an Extension of Time (Doc. No. 8) as moot.

(4) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

(5) **DISMISSES** Plaintiff's Complaint in its entirety for failing to comply with the Federal Rule of Civil Procedure 8(a) and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

(6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted above. The Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading

supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to comply with Rule 8(a), failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 14, 2024

HON. MICHAEL M. ANELLO
United States District Judge