UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED, CDCR #AE9821,<br><br>                    Plaintiff,<br>vs.<br><br>A. BUCKEL, S. STEADMAN, T. MARTINEZ, B. COLON,<br><br>                    Defendants. | Case No.: 3:24-cv-0179-MMA-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE** |

On January 25, 2024, Plaintiff Mychal Reed, a prisoner confined at California State Prison, Los Angeles County and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. Doc. No. 1. After initially denying Reed's request to proceed *in forma pauperis* (IFP) and dismissing the case, Reed filed a supported IFP motion and the case was reopened. On May 14, 2024, the Court granted the IFP motion and dismissed the complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim. Doc. No. 10. With the Court's leave, Reed filed a first amended complaint on June 6, 2025. Doc. No. 11. The Court screened the first amended complaint and, on October 24, 2024, dismissed it *sua sponte* for failure to state a claim.

1

Doc. No. 12. The Court granted Reed leave to file a second amended complaint as to some of his claims. *See id.* His amended pleading was due no later than December 8, 2024. *See id.* at 10. In the same order, the Court informed Reed that if he failed to timely amend, the Court would enter a final judgment of dismissal based on his failure to state a claim and his failure to prosecute in compliance with the court order requiring amendment. *Id.* at 10–11 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

Instead of filing a second amended complaint, on December 13, 2024, Reed filed an "Opposition" to the Court's October 24, 2024 dismissal order. Doc. No. 13. In it, Reed states he is dissatisfied with the dismissal of several of his claims. *Id.* at 1. He states he "believes (rightfully) that it would be futile to present this court additional facts . . . and/or to attempt to seek justice in this court." *Id.* at 3. Instead, he states he "will seek/pursue justice in the higher courts." *Id.* The Court construes Reed's filing as expressing his intent *not* to file a second amended petition.

Indeed, the deadline to amend has now long passed and Plaintiff has not filed an amended complaint or sought an extension of time to do so. And in light of the document filed by Plaintiff on December 13, 2024, it is apparent he no longer wishes to pursue this action. *See* Doc. No. 13. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). When a plaintiff fails to "respond to the court's ultimatum[,] either by amending the complaint or by indicating to the court that [he] will not do so[,]" dismissal under Rule 41(b) is appropriate. *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Because the Court previously informed Reed of his need to timely amend and he has not only failed to do so, but also expressed his desire to no longer prosecute his case in this Court, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (stating a court is not required to exhaust all alternatives prior to dismissal).  Factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (noting the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").  Only factor three does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (stating that where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal").

Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and for failure to prosecute by

failing to file an amended complaint as required by the Court's October 24, 2024 order. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close this case.

**IT IS SO ORDERED**.

Dated:  March 25, 2025

HON. MICHAEL M. ANELLO
United States District Judge